THOMAS M. HOYT *vs.* HARRY EASLER

Aroostook.   Opinion   October   8,   1927.

*Damages for breach of an express contract to deliver a quantity of potatoes cannot be recovered in an action on account annexed for fertilizer sold.  The form of action is inappropriate and the measure of damages different.*

In the instant case there may be an implied contract to pay in cash for the fertilizer not paid for in potatoes.  Damages for breach of such implied contract may be recovered in an action on account annexed for fertilizer sold.

For breach of the express contract to deliver potatoes the damages would not be measured by fertilizer cost, but by the market value of the quantity of potatoes which failed of delivery.

On motion and exceptions by defendant.  An action on account annexed to recover the balance of money alleged to be due for fertilizer.  Verdict for plaintiff.  Defendant filed a general motion for a new trial, and excepted to a refusal to give requested instructions, and also excepted to certain instructions given.  Exceptions sustained.

The case is sufficiently stated in the opinion.

*Philip D. Phair*, for plaintiff.

*Ralph K. Wood*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DEASY, J.  Action on account annexed for fertilizer.  Verdict for plaintiff.  In 1920, the defendant, for an executed consideration, to wit, a quantity of fertilizer supplied at cost for his use, orally agreed to deliver to the plaintiff 1482 barrels of Irish Cobbler potatoes.

The plaintiff contends that the contract was conditional;—that he was to receive 1482 barrels of "Cobblers," "provided he (the defendant) grew them on his land." Per contra, the defendant testifies that the contract was unconditional.

The plaintiff says that he received on the contract only 1066 bbls. The defendant produces testimony tending to prove that he made delivery of the full quantity required by the contract.

This latter issue was submitted to a jury and decided in favor of the plaintiff. The evidence is conflicting and the Court cannot say that the jury's verdict is in this respect clearly wrong.

To more fully detail the contract:—the plaintiff testified that "I agreed to take Irish Cobbler potatoes enough from him at $2.25 a barrel to pay the bill, provided he grew them on his land."

A crop mortgage was given to secure performance of the oral contract. The conditional clause of the mortgage is not the contract relied upon, but is evidence of it. The defendant testified that it stated "practically the entire trade." This clause is as follows:—

"Provided, nevertheless, that this mortgage shall be void, if or heirs, executors or administrators shall pay and deliver to said Grantee, his executors, administrators or assigns out of the field as harvested at any potato house in the village of Presque Isle that the said Thomas M. Hoyt shall designate, between the dates of September 15th and October 15th of the year 1920, fourteen hundred eighty-two (1482) barrels of Irish Cobbler potatoes of good merchantable stock, free from scab, rot, frost and bad bruises, otherwise to remain in full force and virtue."

The number of barrels indicated by dividing the cost of the fertilizer by two and a quarter is slightly less than 1482. The difference is immaterial in this discussion. The words "The grantor" are omitted in first line of clause quoted. The meaning however is plain.

The jury having found, upon sufficient evidence, that the quantity of potatoes delivered was less than 1482 barrels would have been authorized by the evidence to adopt any one of three theories.

(1). That the contract unconditionally required the delivery 1482 barrels, or

(2). That the contract was subject to a condition as testified to by the plaintiff to wit: "Provided he grew them on his land"—, and that he (the defendant) did grow them on his land but failed in part to deliver them.

In either of these cases the defendant violated an express contract to deliver potatoes.

It goes without saying that damages for breach of an express contract to deliver potatoes cannot be recovered in a suit which declares only on a contract to pay for fertilizer.

The form of action is inappropriate. Moreover, (more important than any matter of form) the measure of damages is different.

In one case the measure is the market value of Cobbler potatoes at the time and place agreed upon for delivery. In the other the measure is the market value or agreed price of fertilizer. In this case the agreed price was the cost of the fertilizer to the plaintiff.

(3) But the jury may have found that the defendant agreed to deliver 1482 barrels of potatoes "provided he grew them on his land," that he grew less than that quantity, but delivered all that he grew. If this were so the defendant violated no express contract. His only breach was of an implied contract to pay in money so much of the fertilizer cost as was not paid in potatoes.

If this were the view of the facts adopted by the jury the form of action was appropriate and the verdict justified. The motion cannot be sustained.

EXCEPTIONS.

The defendant requested the following instruction: "If you find that the items for fertilizer set forth in the plaintiff's writ, were to be paid with potatoes and not with money, then the plaintiff is not entitled to recover anything on those items in this form of action."

The presiding justice refused this request and instructed the jury thus:

"If you find the trade to be such as this request would imply, and that the defendant did turn over every Cobbler, meeting the requirements that you have found by the testimony, and that there was still a portion of the fertilizer cost unpaid, that it then became payable in cash."

We think that "the trade that this request would imply" is an unconditional agreement to deliver 1482 barrels of potatoes. At all events the jury was justified in so interpreting it.

If this were the contract and the defendant delivered a smaller quantity, he violated his express contract notwithstanding that the

delivery included all that he grew.   In such case the damages would not be measured by the "portion of the fertilizer cost unpaid", but by the market value of the undelivered Cobblers at the time and place agreed upon for delivery.   The declaration too was in such case inappropriate.

The agreement to pay in potatoes was properly shown under the general issue.

This plea contradicts the plaintiff's allegation which, in effect, was that the defendant promised to pay in money.

The plaintiff's objection to the form of the plea is not sound.   Chitty on Pleading 16th Ed. Pg. 612.

*Exceptions sustained.*